UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLASSWORKERS & INDUSTRY HEALTH AND WELFARE TRUST FUND, PUGET SOUND GLAZIERS & GLASSWORKERS APPRENTICESHIP AND TRAINING TRUST, and WESTERN GLAZIERS & GLASSWORKERS RETIREMENT TRUST,<br><br>Appellants,<br><br>v.<br><br>TODHUNTER BROTHERS GLASS, INC.,<br><br>Appellee. | CASE NO. C05-873RSM<br><br>ORDER AFFIRMING DECISION OF THE BANKRUPTCY COURT |

This matter is before the Court on appeal from a judgment of the United States Bankruptcy Court. Appellants ("Trust Funds") are joint labor-management trust funds created under Section 302(c) of the Labor Management Relations Act, 29 U.S.C. 186(c). They appeal an order denying a Proof of Claim submitted in the appellee's bankruptcy proceedings, In re Todhunter Brothers Glass, Inc., Bankruptcy Court Cause No. 04-10650. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a) and, for the reasons set forth below, now AFFIRMS the decision of the Bankruptcy Court.

ORDER - 1

**BACKGROUND**

The following is a summary of the undisputed facts. Appellee Todhunter Brothers' Glass, Inc, ("Todhunter") signed a pre-hire collective bargaining agreement ("CBA") with the International Brotherhood of Painters and Allied Trades District Council 5 and Local Union No 188, effective July 1, 1999, through June 30, 2001. On April 28, 2001, Todhunter gave timely written notice to terminate the agreement as of June 30, 2001. During the life of the 1999 CBA, Todhunter failed to make some of the required trust fund contributions. On March 27, 2002, Todhunter and the Trust Funds entered into a settlement agreement by which Todhunter would pay $72,043.11 for employee benefit contributions due through December, 2001. Todhunter's pattern of failure to make payments continued in various months after that date.

On May 29, 2003, the Trust Funds filed a complaint for breach of the collective bargaining agreement in King County Superior Court. The complaint alleged that "[a]t all times material, the employer was obligated to make employee benefit contributions to the plaintiff trust funds under the terms and conditions set forth in a collective bargaining agreement between the employer and the [unions]." Designation of Record on Appeal, tab 96.[1] Attached as an exhibit to the complaint were selected unsigned, undated, and apparently incomplete pages from a collective bargaining agreement. *Id.*, Exhibit A-1 through A-6. On page A-4, at Section 3, is a provision stating that the CBA is a five-year agreement in effect from July 1, 1999 to July 1, 2004. That is not the term of the agreement signed by Todhunter, a copy of which appears in the record as an exhibit to the parties' pretrial statement at tab 85-87. The signed 1999 CBA states, in Article 21, section 3, that

> [t]his is a two (2) year agreement, effective July 1, 1999 and shall continue in full force and effect through June 30, 2001, and shall automatically renew itself July 1, 2001 unless either party gives notice of intent to modify or terminate this Agreement at least sixty (60) days prior to June 30, 2001, or any subsequent anniversary date of this agreement.

Tab 87, Exhibit B.

---

[1] Appellants did not file copies of the documents indicated in the Second Amended Designation of Record, as required by Local Rule BR 8006-1, until they were requested to do so by this Court. The documents were then presented in loose and unorganized form, with individual items apparently indicated by docket numbers from the Bankruptcy Court docket. The state court breach of contract complaint appears under tab 96.

ORDER - 2

The Trust Funds' state court complaint requested payment of contributions due for certain months beginning January, 2002, to the current time. *Id*. Apparently Todhunter failed to appear and defend in the action, and on December 18, 2003, the Trust Funds moved for default judgment against Todhunter. The motion for default judgment requested unpaid contributions and associated damages for the months from May, 2002 through August 2003; plus liquidated damages and interest for delinquent contributions from January through April, 2002, as well as November and December, 2002; for a total of $84,337.98 including attorneys' fees and costs. Judgment in this amount was entered December 31, 2003. Tab 89, Exhibit B.

On January 20, 2004, Todhunter filed a petition for bankruptcy under Chapter 11 of the Bankruptcy Code. The Trust Funds filed a Proof of Claim based on the state court default judgment. Todhunter filed an objection to the Proof of Claim, asking that the claim be disallowed because the default judgment was not based upon a valid collective bargaining agreement between Todhunter and the unions. Designation of Record, tab 40. Todhunter asserted that owner Harold Todhunter never signed a collective bargaining agreement subsequent to the one which expired June 30, 2001, and that a purported signature on a collective bargaining agreement for the period 2001 to 2004, dated July 4, 2002, was a forgery. *Id*. An evidentiary hearing was held by the bankruptcy court to resolve the matter. The Trust Funds produced the alleged signature page, dated July 4, 2002. In her December 10, 2004, oral ruling, the Honorable Karen Overstreet, United States Bankruptcy Judge, found that this was not Mr. Todhunter's signature. Her finding was based on several factors: Mr. Todhunter's testimony that he did not sign the document and that it was not his handwriting; his statement that on July 4 he was at a celebration at his brother's home, not signing documents; the absence of any testimony by the Trust Funds as to how this signature page came into their possession; the absence of any markings indicating the document was sent by fax; and the fact that on October 6, 2003, subsequent to the purported date of signing, union official Brian Hendrix sent a letter to Mr. Todhunter, stating that as of that date they had not received a signed agreement. Designation of Record, tab 112, pp. 15-16.

In addition to finding that the signature was not genuine, the Bankruptcy Court found that Todhunter's conduct subsequent to the 2001 termination of the CBA did not bind it to a successor

ORDER - 3

agreement. *Id.*, pp. 16-22.  The parties were then directed to submit further briefing on the effect of the court's ruling upon the Proof of Claim.  On January 28, 2005, Judge Overstreet issued a second oral ruling, in which she declined to find fraud in the default judgment, but found that the state court lacked jurisdiction to render the default judgment.  *Id*.  A written order was entered March 15, 2005, with the following findings and conclusions:

> 1. The debtor signed a collective bargaining agreement with the Glassworker's and Glazier's Union which required the debtor to make employee benefit contributions to the Glassworker's and Glazier's Trust Funds.
>
> 2. The collective bargaining agreement expired by its own terms and terminated on June 30, 2001.
>
> 3. The collective bargaining agreement was repudiated by conduct in July, 2001.
>
> 4. The debtor did not sign any subsequent collective bargaining agreement.
>
> 5. The Glassworker's and Glazier's Trust Funds filed a proof of claim which is based upon a default judgment entered against the debtor in King County Superior Court on December 31, 2003.
>
> 7. [sic] The default judgment is based entirely upon unpaid benefit contributions allegedly owed by the debtor for a period after which the collective bargaining agreement had terminated.
>
> 8. King County Superior Court did not have jurisdiction to determine what might be owed by the debtor after the termination of the collective bargaining agreement.
>
> 9. This court does not have jurisdiction to determine what might be owed by the debtor after the termination of the collective bargaining agreement.

Designation of Record, tab 112.  Based on these findings, the Trust Funds' Proof of Claim in the amount of $105,696.55 was not allowed.  *Id*.

The Trust Funds filed a motion for reconsideration, supporting it with declarations from Donna Whitford and Chad Smith, regarding newly discovered evidence in the form of a different signature page, with a ssignature date for Mr. Todhunter of July 8, 2003; a fax date of January 8, 2003 (six months **before** the date of the signature); and bearing the same signature that Mr. Todhunter had previously sworn was not his.  Tab 116, Declaration of Chad Smith.  The Bankruptcy Court found the same indicia of unreliability in this alleged signature page as it found in the previous one, and denied the motion for reconsideration.  Dkt. # 1-3.  The Trust Funds timely appealed the Bankruptcy Court's ruling.

ORDER - 4

**ISSUES ON APPEAL**

Appellant has framed the issues on appeal as follows:

> 1. Did the Bankruptcy Court lack subject matter jurisdiction to determine whether Todhunter Brothers Glass, Inc., was bound by its conduct to the 2001-2004 collective bargaining agreement after the 1999-2001 pre-hire collective bargaining agreement expired by its own terms on June 30, 2001?
>
> 2. Is the Bankruptcy Court barred by res judicata and the *Rooker-Feldman* doctrine from relitigating the merits of the Default Judgment entered against Todhunter Brothers Glass, Inc., on December 31, 2003, which has not been vacated?
>
> 3. Are the declarations of Donna Whitford, Chad Smith and Bruce E. Jacobson and the exhibits thereto in support of the Trusts' motion for reconsideration admissible to correct errors of fact and of law in the record?
>
> 4. Is Todhunter Brothers Glass, Inc., bound by the 2001-2004 and subsequent collective bargaining agreements because it ratified the Agreements by its conduct as shown by Declarations of Donna Whitford, Chad Smith, Brian Hendrix, Bruce D. Jacobson, Harold and Bruce Todhunter, the exhibits thereto and other testimony and statements in the record?

Brief of Appellants, p. 4.

**STANDARD OF REVIEW**

The Bankruptcy Court's conclusions of law are reviewed *de novo* by the courts of appeal. *Matter of CHG International, Inc.,* 897 F.2d 1479 (9th Cir. 1990). The Bankruptcy Court's findings of fact are reviewed for clear error. *In re Cisneros,* 994 F.2d 1462, 1464 (9th Cir. 1993).

**ANALYSIS**

The dispositive question here is whether the Bankruptcy Court correctly determined that the state court lacked subject matter jurisdiction over the Trust Fund's breach of contract claim. The Bankruptcy Court's ruling was based upon the well-established principle that once a collective bargaining agreement expires by its terms, both state and district courts lack jurisdiction to enforce any of its provisions. Complaints involving an employer's failure to pay employee benefit contributions after expiration of a CBA are within the exclusive jurisdiction of the National Labor Relations Board (N.L.R.B.), as an unfair labor practice. *Cement Masons Health and Welfare Trust Fund for Northern California v. Kirkwood-Bly, Inc.*, 520 F. Supp. 942, 944 (N.D.Cal. 1981); *citing San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959). "The NLRA preempts any claim for relief based on conduct which is

ORDER - 5

protected or prohibited by its provisions." *Smith v. National Steel & Shipbuilding Company*, 125 F. 3d 751, 754 (9th Cir. 1997).

One court described the rationale behind the *Garmon* preemption rule as follows:

> Indeed, it is well-established in this circuit that, after the expiration of a collective bargaining agreement and during negotiations for a new one, the employer is required to continue trust fund contributions, since 29 U.S.C. § 158(a)(5) makes it an unfair labor practice for the employer to unilaterally change terms and conditions of employment following the expiration date of the agreement.

*Cement Masons*, 520 F. Supp. at 944. The court went on to explain that the collective bargaining agreement itself survives its expiration date for some purposes. "During negotiations, the employer is required by § 8(a)(5) of the National Labor Relations Act, 29 U.S.C. § 158(a)(5) (1976) to maintain the status quo, even following the expiration of the agreement." *Id.*, *quoting Peerless Roofing Co. v. N.L.R.B.*, 641 F. 2d 734, 736 (9th Cir. 1981). It is the employer's failure to maintain the status quo by continuing to make contributions that constitutes the unfair labor practice, bringing the action within the exclusive jurisdiction of the N.L.R.B. *Id*.

Appellants argue here that the state court action did not involve any unfair labor practice, and thus was properly within the jurisdiction of the court which issued the default judgment. Appellants' argument is based upon the principle of "adoption by conduct", which according to appellants specifically applies to expired collective bargaining agreements. The argument is that Todhunter, subsequent to the expiration of the CBA in 2001, ratified a renewal of the CBA by conduct consistent with its terms, and that the King County Superior Court thus had jurisdiction to consider the complaint for breach of the renewed contract.

Appellants cite two cases for its "adoption by conduct" theory: *E.S.P. Concrete Pumping, Inc.*, 327 N.L.R.B. 711 (1999) and *Southern California Painters & Allied Trade District Council No. 36 v. Best Interiors*, 359 F. 3d 1127 (9th Cir. 2004). In *Best*, the Ninth Circuit looked to the decision of the N.L.R.B. in *E.S.P. Concrete* to overrule a previous case in which the court rejected the argument that an

ORDER - 6

employer may adopt a § 158(f)[2] contract by conduct. *Best*, 359 F. 3d at 1131, *citing Hawaii Carpenters' Trust Funds v. Henry*, 906 F. 2d 1349, 1355 (9th Cir. 1990). In so doing, the Ninth Circuit deferred to the N.R.L.B.'s conclusion in *E.S.P. Concrete* that "the adoption-by-conduct doctrine was applicable to § 158(f) agreements even in the absence of a signed agreement." *Id.*, citing *E.S.P. Concrete*, 327 N.L.R.B. at 712. The appeals court found that the district court erred as a matter of law when it dismissed an action on the ground that § 158(f) does not permit parties to adopt a labor agreement by conduct. *Id.* at 1132.

Here, the Bankruptcy Court considered appellants' adoption-by-conduct argument and rejected it on a factual basis, not because the court did not recognize the doctrine. Thus, while this Court acknowledges the validity of the doctrine under *Best*, it finds that it does not dictate the outcome of this appeal. Further, the Court rejects appellants' argument that the Bankruptcy Court lacked jurisdiction to make this determination. Appellants have confounded their argument that the Bankruptcy Court lacked subject matter to determine whether Todhunter was bound by its conduct after the 1999 CBA expired with the law on exclusive jurisdiction of the N.L.R.B., set forth above. Appellants' Brief, pp. 14-15. It is true, as appellants assert, that once a CBA expires by its terms, the courts lack jurisdiction to enforce the terms of that CBA, and the matter falls within the jurisdiction of the N.L.R.B. as an "unfair labor practice." However, appellants' adoption-by-conduct is a separate claim, specifically asserting that a valid contract exists, and thus is one within the jurisdiction of the federal courts. *Best*, 359 F. 3d 1127. The appeals court in *Best* did not dismiss the matter for lack of jurisdiction; it remanded to the district court to determine whether the employer, Best Interiors, had adopted an agreement by conduct. *Id.* at 1135. Here, appellants put the question of adoption-by-conduct at issue and presented facts to the Bankruptcy Court to support the argument. Once the Bankruptcy Court rejected that argument on the facts presented, it properly considered the matter under the "expired CBA" analysis, and proceeded to find a lack of jurisdiction due to *Garmon* preemption.

The following facts are relevant to, and dispositive of, this appeal. The five-year CBA presented

---

[2] 29 U.S.C. § 158(f) modifies certain § 158(a) unfair practice factors for employers in the building and construction industry.

ORDER - 7

to the state court in the breach of contract claim was a contract that was never signed by Todhunter, yet it was offered to the state court by the Trust Funds as a valid contract. The King County Superior Court never had cause to question its validity, nor to examine the question of its own jurisdiction under the *Garmon* preemption doctrine, and proceeded to issue a default judgment based on appellants' production of a contract which was represented by appellants, and presumed by the court, to be a valid one. Adoption-by-conduct was never raised nor argued to the state court, so the five-year contract was never judicially determined to be a valid basis for the Trust Funds' breach of contract suit.

Appellants put the validity of the default judgment entered by the state court in issue by submitting a Proof of Claim based on that judgment. Upon appellee's objection to the Proof of Claim, the Bankruptcy court was obligated to determine the factual basis for the judgment, and held an evidentiary hearing for that purpose. In support of its claim, appellant first argued that the contract offered to the state court had been signed by Todhunter on July 4, 2002, and was therefore a valid CBA. Judge Overstreet heard testimony of Harold Todhunter denying that the signature was his, remarked that it appeared to her as a layperson to be a forgery, noted the discrepancy in the dates, and found that the purported signature was not valid.

Appellant also argued to the Bankruptcy Court that Todhunter had ratified the unsigned CBA by conduct. Judge Overstreet, in her oral opinion, set forth numerous bases for her finding that appellant had not met the burden of demonstrating that the 2001 CBA was ratified or adopted by conduct. In particular, she noted the vagueness in Donna Whitford's testimony as to which contract Todhunter's post-2001 employee benefit contributions followed. That is, Ms. Whitford testified that Todhunter continued to make benefit payments after the 2001 termination of the CBA, "[b]ut she does not say whether the rates used were consistent with the 1999 agreement that had been terminated or the 2001 agreements." The Bankruptcy Court could not determine whether Todhunter was submitting these payments in ratification of the unsigned 2001 CBA, or under its continuing obligation to maintain the status quo following the expiration of the 1999 CBA. *Cement Masons,* 520 F. Supp. at 944. Thus, it properly found that appellants had failed to meet their burden of proof on the adoption-by-conduct argument.

ORDER - 8

## CONCLUSION

This Court has reviewed the evidence submitted and finds that the Bankruptcy Court's factual findings with respect to the signature and Todhunter's conduct is supported by the record and not clearly erroneous. The Court has located the controversial signature pages in the record at tabs 116 (January 8, 2003 signature page) and tab 40 (July 4, 2002 signature page, and the October 6, 2003 letter from Brian Hendrix), and finds the Bankruptcy Court's factual findings to be reasonable.

The Court further finds that the Bankruptcy Court's conclusion that the state court lacked jurisdiction to issue the default judgment flows directly from the facts and the application of *Garmon* preemption. Once the 1999 CBA expired, and no subsequent CBA was ratified by conduct, the Trust Funds' claim regarding Todhunter's failure to pay employee benefit contributions fell within the exclusive jurisdiction of the N.L.R.B. *Cement Masons Health and Welfare Trust Fund,* 520 F. Supp. at 944. Further, because the state court lacked jurisdiction to issue the default judgment, appellant's additional arguments regarding the res judicata effect of that judgment, and the *Rooker-Feldman* doctrine[3] are without merit.

For the reasons set forth, the decision of the Bankruptcy Court is hereby AFFIRMED as to all issues appealed.

Dated this 28th day of March, 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[3] The *Rooker-Feldman* doctrine provides that federal courts are precluded from reversing or modifying a state court judgment on the merits where the issues decided in the state court are "inextricably intertwined" with the issue before the federal court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine has limited application in bankruptcy proceedings. *In re Sassoon*, 424 F. 3d 864, 871 (9th Cir. 2005). Nor does it preclude examination of the jurisdiction of the state court in the underlying matter. *In re James*, 940 F. 2d 46, 52 (3rd Cir. 1991).

ORDER - 9